UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vinson,

    Plaintiff,

v.                                  Case No. 14-11130

Michigan Department of Corrections,      Sean F. Cox
*et al.*,                                      United States District Court Judge

    Defendants.
_____/

## ORDER
## ACCEPTING AND ADOPTING IN PART, AND REJECTING IN PART, SECOND AMENDED REPORT AND RECOMMENDATION

    This matter is before the Court on objections to the magistrate judge's report and recommendation that addresses two motions to dismiss. As set forth in more detail below, the Court accepts and adopts in part, and rejects in part, the magistrate judge's Second Amended Report and Recommendation.

## BACKGROUND

    Acting through counsel, Plaintiff Antonio Vinson, as Personal Representative of the Estate of Michael P. Vinson, filed this action asserting claims against multiple defendants. Plaintiff's Complaint asserts claims against more than twenty named Defendants and twelve unidentified "John and Jane Doe" Defendants. Plaintiff's Complaint is eighty-eight pages long and asserts the following eleven counts:

- "Count I – 42 USC § 1983 – Eight[h] Amendment Deliberate Indifference – Defendant Physicians Miles, Rhodes, Jenkins, Sudhir";

- "Count II – 42 USC § 1983 – Eight[h] Amendment Deliberate Indifference – Defendant Assistant Warden Campbell";

- "Count III – 42 USC § 1983 – Eight[h] Amendment Deliberate Indifference – Defendant Nurser Supervisor Joyce Hunter"'

- "Count IV – 42 USC § 1983 – Eight[h] Amendment Deliberate Indifference – Defendant Laura Kinder";

- "Count V – 42 USC § 1983 – Civil Conspiracy Defendants Miles, Rhodes, Jenkins, Sudhir";

- "Count VI – 42 USC § 1983 – Civil Conspiracy Defendants Nurses";

- "Count VII – 42 USC § 1983 – Civil Conspiracy Defendants Assistant Warden Campbell, Nurse Supervisor Joyce Hunter, Laura Kinder";

- "Count VIII – 42 USC § 1983 – MDOC";

- "Count IX – 42 USC § 1983 – Corizon";

- "Count X – State Law Claim For Gross Negligence – All Defendants"; and

- "Count XI – Intentional Infliction Of Emotional Distress On Deceased Michael Vinson, MCLA § 600.2922 – Defendants Physicians, Nurses, Campbell, Hunter, Kinder."

Thus, Plaintiff's Complaint includes four different counts that assert §1983 claims based upon alleged deliberate indifference to a serious medical need of the decedent. Those counts are: 1) Count I, asserted against Defendants Miles, Rhodes, Jenkins, and Sudhir; 2) Count II, asserted against Defendant Campbell, 3) Count III, asserted against Defendant Hunter, and 4) Count IV, asserted against Defendant Kinder.

As to Defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman, and Edwards, the only time they are referred to by name in Plaintiff's 88-page complaint is in the opening paragraph that simply lists all of the named defendants in this case. That opening paragraph lists

the names of each of those persons, along with several other individuals, and then states "(hereinafter 'The Nurses')." (Docket Entry No. 1 at 3).

MDOC Defendants Hense, Speer, and Hamblin are also identified as being in the "Nurses" category. (*Id*.).

According to the Complaint, the only counts that are asserted against Defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman, and Edwards are: 1) "Count VI – 42 USC § 1983 – Civil Conspiracy Defendants Nurses"; 2) "Count X – State Law Claim for Gross Negligence – All Defendants"; and 3) "Count XI – Intentional Infliction of Emotional Distress on Deceased Michael Vinson, MCLA § 600.2922 – Defendant Physicians, Nurses, Campbell, Hunter, Kinder." None of the four counts asserting §1983 claims based upon alleged deliberate indifference to a serious medical need of the decedent (Counts I-IV) were asserted against this group.

**The MDOC Defendants' Motion To Dismiss**

On July 25, 2014, the Michigan Department of Corrections ("MDOC") and twelve of its employees, Defendants Hamblin, Faling, Royer-Thompson, Speer, Hense, Wellman, Edwards, Hinsley, Murphy, Hunter, Campbell, and Kinder, filed a Motion to Dismiss. (Docket Entry No. 19).

The MDOC Defendants' Motion first argued that, as to six of the named MDOC Defendants (Faling, Royer-Thompson, Hinsely, Murphy, Wellman, and Edwards), Plaintiff's Complaint fails to state a claim against any of them because the Complaint merely lists the name of each of these defendants in the opening paragraph and does not contain any factual allegations as to any of these named defendants. Thus, they argue that the claims against each of these six

3

MDOC Defendants should be dismissed under Fed. R. Civ. P. 12(b)(6) because the Complaint never identifies how any of these six defendants have personally violated the decedent's constitutional or statutory rights. (*Id.* at 12-15).

Second, the motion challenges any deliberate indifference claims asserted against Defendants Hense, Speer, Hamblin, Campbell, Hunter, and Kinder. (*Id.* at 15-19).

The third and final argument in the motion is that the MDOC is entitled to Eleventh Amendment Immunity. (*Id.* at 19-21).

Notably, in response to the motion, Plaintiff did not file a motion seeking leave to file an amended complaint, as plaintiffs often do following a motion to dismiss, in order to remedy the Complaint's alleged deficiencies.

Rather, in responding to the MDOC Defendants' Motion to Dismiss, Plaintiff asserted that Plaintiff's complaint satisfies the applicable pleading requirements and that the MDOC Defendants' Motion to Dismiss should be denied as premature. (Docket Entry No. 24 at 4). Plaintiff's response did not address the challenge raised by Defendants Faling, Royer-Thompson, Hinsely, Murphy, Wellman, and Edwards (i.e., that the complaint fails to state any claim against them because it merely lists their name in the opening paragraph and contains no allegations as to what they allegedly did wrong.). Plaintiff's response brief asked the Court to deny the motion.[1]

---

[1] Plaintiff's response brief did not make a blanket request that the Court allow him to amend the complaint should the Court find any of the MDOC Defendants' challenges have merit, a practice disfavored by this Court and the Sixth Circuit. *See Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000); *see also Alliance for Children, Inc. v City of Detroit Public Schools*, 475 F.Supp.2d 655, 669 (E.D. Mich. 2007).

In their Reply Brief, the MDOC Defendants made arguments concerning the civil conspiracy counts, that were not raised in their motion.

**Defendant Paratchek's Motion To Dismiss**

On August 27, 2014, Defendant Paratcheck filed a "Motion To Dismiss For Failure To State A Claim Under Rule 12(b)(6)" (Docket Entry No. 22). In that motion, Defendant Paratchek asks the Court to dismiss the claims against her because she "is never mentioned by name in plaintiff's Complaint beyond the opening paragraph naming all the parties." (*Id*. at 3). She also makes other challenges to claims asserted against her.

Notably, in response to Defendant Paratchek's motion, Plaintiff did not file a motion seeking leave to file an amended complaint, as plaintiffs often do following a motion to dismiss, in order to remedy the Complaint's alleged deficiencies.

In response to Defendant Paratcheck's Motion to Dismiss, on October 24, 2014, Plaintiff filed a response brief asserting that the complaint satisfies the pleading requirements, that discovery should be allowed to proceed, and that Defendant Paratcheck's Motion to Dismiss should be denied as premature. (Docket Entry No. 30 at 4).

On December 15, 2014, Plaintiff filed a motion asking the Court to strike Defendant Paratcheck's Motion to Dismiss as untimely. (Docket Entry No. 37).

**The R&Rs**

On January 21, 2015, the magistrate judge issued a Report and Recommendation ("R&R") wherein he recommended as follows:

> For the reasons set forth below, the undersigned RECOMMENDS that defendants' motion to dismiss (Dkt. 19) be GRANTED in part and DENIED in part, that defendant Paratchek's motion to dismiss (Dkt. 22) be STRICKEN, that

5

> plaintiff's motion to strike be GRANTED, and that plaintiff be permitted to AMEND the complaint. If the Court adopts this Report and Recommendation, the undersigned suggests that plaintiff be required to file his amended complaint within 21 days of entry of the order adopting.

(Docket Entry No. 43 at 24-25).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

The MDOC Defendants filed Objections to the January 21, 2015 R&R on February 4, 2015. (Docket Entry No. 44).

Defendant Paratchek did not file any objections to the January 21, 2015 R&R within the time period allowed for objections.

Having reviewed the initial R&R, and the MDOC Defendants' objections to it, this Court was confused as to what portion of the MDOC Defendants' Motion to Dismiss the magistrate judge recommended that this Court grant. This Court therefore issued an order that stated, in pertinent part:

> Pursuant to Fed. R. Civ. P. 72(b)(3), the Court hereby RETURNS this matter with INSTRUCTIONS for the magistrate judge to issue an amended report and recommendation specifying, in Section IV. of the R&R, in what respects the motion should be granted (i.e., specifying which counts against which Defendants should be dismissed).

(Docket Entry No. 46).

The magistrate judge issued an Amended R&R on March 9, 2015. (Docket Entry No. 47). Section IV. of the Amended R&R is titled "RECOMMENDATION" and states, in pertinent part:

6

> For the reasons set forth above, the undersigned RECOMMENDS that defendants' motion to dismiss (Dkt. 19), which the undersigned construes as limited only to plaintiff's deliberate indifference claims, be GRANTED in part (as to the deliberate indifference claims against defendants Faling, Royer-Thompson, Hinsley, Murphy and Wellman) and DENIED in part (as to the deliberate indifference claims alleged against the remaining moving defendants in Dkt. 19), that defendant Paratchek's motion to dismiss (Dkt.22) be STRICKEN, that plaintiff's motion to strike be GRANTED, and that plaintiff be permitted to AMEND the complaint to more fully describe his claims against defendants Faling, Roger-Thompson [sic], Hinsley, Murphy and Wellman. If the Court adopts this Report and Recommendation, the undersigned suggest that plaintiff be required to file his amended complaint within 21 days of entry of the order adopting.

(*Id*. at 26-27).

The magistrate judge issued a Second Amended R&R ("SAR&R") on March 10, 2015.

(Docket Entry No. 48). Section IV. of the SAR&R states, in pertinent part:

> For the reasons set forth above, the undersigned RECOMMENDS that defendants' motion to dismiss (Dkt. 19), which the undersigned construes as limited only to plaintiff's deliberate indifference claims, be GRANTED in part (as to the deliberate indifference claims against defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman and Edwards) and DENIED in part (as to the deliberate indifference claims alleged against the remaining moving defendants in Dkt. 19), that defendant Paratchek's motion to dismiss (Dkt. 22) be STRICKEN, that plaintiff's motion to strike be GRANTED, and that plaintiff be permitted to AMEND the complaint to more fully describe his claims against defendants Faling, Roger-Thompson [sic], Hinsley, Murphy, Edwards and Wellman. If the Court adopts this Report and Recommendation, the undersigned suggests that plaintiff be required to file his amended complaint within 21 days of entry of the order adopting. The following chart more fully describes the undersigned's recommendations by Count in plaintiff's complaint:

| | | |
|---|---|---|
| Count I – § 1983 Deliberate Indifference | Defendants Miles, Rhodes, Jenkins, Sudhir | Non-moving defendants. This Count remains pending. |
| Count II – § 1983 Deliberate Indifference | Defendant Campbell | Recommendation: motion to dismiss denied. |

7

| | | |
|---|---|---|
| Count III – § 1983 Deliberate Indifference | Defendant Hunter | Recommendation: motion to dismiss denied. |
| Count IV – § 1983 Deliberate Indifference | Defendant Kinder | Recommendation: motion to dismiss denied. |
| Count V – § 1983 Conspiracy | Defendants Miles, Rhodes, Jenkins, Sudhir | Non-moving defendants. This Count remains pending. |
| Count VI – § 1983 Conspiracy | Defendant "Nurses" | Recommendation: motion to dismiss granted as to Faling, Royer-Thompson, Hinsley, Murphy, Wellman and Edward; denied as to defendants Hamblin, Hense, and Speer; and complaint to possibly be amended. |
| Count VII – § 1983 Conspiracy | Defendants Campbell, Hunter, Kinder | Recommendation: motion to dismiss denied. |
| Count VIII – § 1983 | MDOC | Dismissed by stipulation and order. |
| Count IX – § Gross Negligence | All defendants | Recommendation: defendants did not move for dismiss on this Count. |
| Count XI – Intentional Infliction of Emotional Distress | Defendant physicians, nurses, Campbell, Hunter, and Kinder. | Recommendation: defendants did not move for dismiss on this Count. |

(*Id*. at 26-28).

Although not mentioned in the Section IV. of the SAR&R, the body of it states as follows as to Defendant Paratchek's Motion to Dismiss:

> Based on the foregoing, the undersigned concludes that defendant Paratchek's motion to dismiss is untimely and should be stricken without prejudice. The undersigned also recommends that plaintiff be required to amend the complaint to include specific allegations against Paratchek regarding any overt acts alleged to be committed by her in support of plaintiff's § 1983 conspiracy claim.

(Docket Entry No. 48 at 26).

On March 23, 2015, the MDOC Defendants filed Objections to the SAR&R. (Docket Entry No. 49).

## ANALYSIS

Pursuant to FED. R. CIV. P. 72(b)(3), the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

**I.      Defendant Paratchek's Motion To Dismiss**

In the SAR&R, the magistrate judge "concludes that defendant Paratchek's motion to dismiss is untimely and should be stricken without prejudice." Thus, he recommends that the Court grant Plaintiff's Motion to Strike (Docket Entry No. 37) and strike Defendant Paratchek's motion to dismiss (Docket Entry No. 22).

In addition, although not included in the Section "IV. Recommendation" portion of the SAR&R, the body of it also states that the "undersigned also recommends that plaintiff be required to amend the complaint to include specific allegations against Paratchek regarding any overt acts alleged to be committed by her in support of plaintiff's § 1983 conspiracy claim." (SAR&R at 26).

The Court hereby **ACCEPTS AND ADOPTS** the magistrate judge's recommendation as to Plaintiff's Motion to Strike and Defendant Paratchek's Motion to Dismiss and **ORDERS** that Plaintiff's Motion to Strike (Docket Entry No. 37) is **GRANTED** and **ORDERS** that Defendant Paratchek's motion is **STRICKEN / DENIED WITHOUT PREJUDICE**.

This Court, however, **REJECTS** the magistrate judge's recommendation that the Court *sua sponte* order Plaintiff to file an amended complaint to include additional allegations as to Defendant Paratchek.

Plaintiff has not moved for leave to file an amended complaint "and it is not the district court's role to initiate amendments." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008); *see also Ohio Police & Fire Pension Fund v. Standard & Poor's*, 700 F.3d 829, 844 (6th Cir. 2012).[2]

If Plaintiff desires to amend his complaint, it is incumbent upon Plaintiff to file a motion seeking leave to file an amended complaint, and pursuant to Rule 15.1 of the Local Rules for the United States District Court for the Eastern District of Michigan, any such motion must be accompanied by the proposed amended complaint that Plaintiff wishes to file.

## II. The MDOC Defendants' Motion To Dismiss

By virtue of a February 6, 2015 stipulation and order, the MDOC was dismissed from this action. (Docket Entry No. 45). Accordingly, of the movants in the MDOC Defendants' Motion to Dismiss, only the individual defendants remain.

The magistrate judge's SAR&R stated that the magistrate judge construed the MDOC Defendants' Motion to Dismiss "as limited to plaintiff's deliberate indifference claims." (*Id*. at 2 & 26); (*see also* SAR&R at 4 n.3, stating the MDOC Defendants "only develop their arguments as to deliberate indifference. Defendants have neither specifically nor sufficiently moved for dismissal as to any other claims in their opening brief.").

---

[2]There is a very limited exception in circumstances where a motion to dismiss is granted based on qualified immunity, but that exception does not apply here. *See Tucker v. Callahan*, 867 F.2d 909, 915 (6th Cir. 1989); *Cooper v. Parrish*, 203 F.3d 937, 951 (6th Cir. 2000).

While this Court agrees that the portion of the MDOC Defendants' motion dealing with the remaining defendants was confined to challenges to the deliberate indifference counts, the portion of the motion pertaining to Defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman, and Edwards was fundamentally different. The Court will therefore address the challenges separately.

> A.  **Defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman, and Edwards**

Again, the SAR&R construed the pending motion as being limited to Plaintiff's deliberate indifference claims. Thus, it concluded that the motion *did not* challenge the conspiracy counts (Counts V, VI, & VII) or other counts in Plaintiff's complaint.

Although the deliberate indifference counts (Count I, II, II, & IV) are not asserted against them, the SAR&R recommends that the MDOC Defendants' Motion to Dismiss "be GRANTED in part (as to the *deliberate indifference claims* against defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman and Edwards." (SAR&R at 26) (emphasis added). A chart included in the SAR&R, however, indicates that the magistrate judge is recommending that the Court grant the motion as to this group of defendants as to "Count VI – §1983 Conspiracy."

In addition, although it recommends that the Court grant the motion to dismiss as to this group of defendants and Plaintiff never filed a motion seeking leave to file an amended complaint, it also recommends that Plaintiff be permitted to amend his complaint, with respect to the "deliberate indifference claims" against this group. (SAR&R at 19) (stating that, as to these defendants, "while the deliberate indifference claims against these defendants are deficient as they stand in the complaint now and should, therefore, be dismissed, in the view of the undersigned plaintiff should be permitted to amend the complaint in this regard as to defendants

11

Faling, Royer-Thompson, Hinsley, Murphy, Wellman, and Edwards.").

The Court hereby **REJECTS** all portions of the SAR&R that pertain to this group of MDOC defendants.

This Court does not view the challenges asserted by this group of defendants in the pending motion as being limited to the deliberate indifference counts. Indeed, the deliberate indifference counts (Counts I-IV) are not asserted against this group of MDOC Defendants.

Rather, the MDOC Defendants' Motion argued, as to this group of six defendants, that Plaintiff's eighty-eight-page complaint fails to state *any* claim against them because the complaint merely lists the name of each of these defendants in the opening paragraph and does not contain any factual allegations whatsoever as to any of them.  Thus, they argue that each of the claims asserted against these six MDOC Defendants should be dismissed under Fed. R. Civ. P. 12(b)(6) because the complaint never identifies how any of these six defendants have personally violated the decedent's constitutional or statutory rights or caused harm to the decedent.  (*Id.* at 12-15).

In responding to the pending motion, Plaintiff did not address this challenge or even attempt to explain how he has sufficiently pleaded a claim against any of the defendants in this group.

This Court agrees that Plaintiff's complaint fails to state a claim as to any of the Defendants in this group.

As to this group of Defendants, Plaintiff's complaint asserts: 1) a civil rights conspiracy claim in Count VI, pursuant to § 1983; 2) a state-law gross negligence claim in Count X; and 3) a state-law claim for intentional infliction of emotional distress in Count XI.

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or law of the United States; 2) caused by a person acting under the color of state law. *Heyne v. Metropolitan Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

The Sixth Circuit has stated the standard governing a § 1983 civil conspiracy claim as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Heyne*, 655 F.3d at 563. It is "well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id*. Thus, that "pleading standard is 'relatively strict.'" *Id.*

Here, the only time Plaintiff's complaint references any of the Defendants in this group is in the opening paragraph that simply lists the names of these six defendants, along with seven other individuals, and then collectively titles them as "(The Nurses)." (Docket Entry No. 1 at 2-

13

3). The names of these six Defendants never appear again in any the remaining eighty-five pages of Plaintiff's complaint. Thus, Plaintiff's complaint does not have any well-pleaded factual allegations as to these Defendants.

Plaintiff's "attempt to implicate these defendants in the purported conspiracy" alleged in Count VI by including vague allegations that refer to "Defendant Nurses" or "Defendants" is "misplaced because those 'indeterminate assertions' represent precisely the type of naked conspiratorial allegations rejected by the Supreme Court in *Twombly*. *See Twombly*, 550 U.S. at 565 n. 10, 127 S.Ct. 1955 (stating that where 'complaint [ ] furnishes no clue' as to which defendants supposedly agreed or when and where the illicit agreement took place, the complaint fails to give adequate notice as required by Fed.R.Civ.P. 8)." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009).

Plaintiff's state-law claims asserted against this group of Defendants do not fare any better. Because Plaintiff's complaint contains no well-pleaded factual allegations as to any of these Defendants, Plaintiff has not sufficiently alleged any "extreme or outrageous conduct" by any of these Defendants that would support a claim for intentional infliction of emotional distress under Michigan law. The same is true of Plaintiff's gross negligence claims against these Defendants.

Accordingly, the Court **GRANTS IN PART** the MDOC Defendants' Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Faling, Royer-Thompson, Hinsley, Murphy, Wellman, and Edwards.

### B. Defendants Campbell, Hunter, Kinder, Hense, Speer, and Hamblin

This Court agrees with the magistrate judge that, with respect to the remaining MDOC Defendants (Campbell, Hunter, Kinder, Hense, Speer, and Hamblin), the motion only properly challenged any deliberate indifference counts asserted against them. That is, the motion did not properly[3] challenge any conspiracy counts or other counts asserted against the Defendants in this group.[4]

While Plaintiff's complaint asserts deliberate indifference counts against Campbell (Count II), Hunter (Count III), and Kinder (Count IV), it does not include any deliberate indifference counts against Defendants Hense, Speer, or Hamblin. As to Hense, Speer, and Hamblin, Plaintiff asserts a civil conspiracy count (Count VI), a count asserting a state-law claim of gross negligence (Count X), and a count asserting a state-law claim for intentional infliction of emotional distress (Count XI). The pending motion did not properly challenge any of those counts as to Hense, Speer, or Hamblin. All claims against Hense, Speer, and Hamblin remain in this action.

As to challenges Defendants raised as to the deliberate indifference counts asserted against Campbell (Count II), Hunter (Count III), and Kinder (Count IV), this Court concurs with

---

[3]The conspiracy claims against this group was first challenged in a reply brief.

[4]Nevertheless, the magistrate judge discussed the conspiracy claims against this group. (*See* SAR&R at 19) (stating "plaintiff's conspiracy claim is not sufficient as to those defendants in the 'nurses' category where specific overt acts are not alleged. This excludes defendants Hamblin, Hense, and Speer, against whom overt acts were alleged and the undersigned concludes that the complaint sufficiently states a claim as to them.") The Court **REJECTS AS MOOT** those portions of the SAR&R that discuss or analyze the conspiracy counts asserted against this group of defendants. As such, Defendants' objection concerning the magistrate judge's failure to apply the intra corporate immunity doctrine (Objection No. 1) is without merit. (*See* Defs.' Objs., Docket Entry No. 44, at 5).

the magistrate judge that these Defendants should not be dismissed at this stage of the litigation for the reasons stated in the SAR&R and finds their objections without merit. The Court therefore **ACCEPTS AND ADOPTS** this portion of the SAR&R. All claims against Defendants Campbell, Hunter, and Kinder remain in this action.

    **IT IS SO ORDERED**.

                                      S/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated: March 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2015, by electronic and/or ordinary mail.

                                      S/Jennifer McCoy  
                                      Case Manager