UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vinson,

    Plaintiff,

v.                                                                  Case No. 14-11130

Michigan Department of Corrections,          Sean F. Cox
*et al.*,                                                         United States District Court Judge

    Defendants.
_____/

## ORDER REGARDING
## OCTOBER 30, 2015 REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' objections to the magistrate judge's October 30, 2015 Report and Recommendation that addresses three motions to dismiss (Docket Entry Nos. 65, 66, and 69) filed by Defendant Paratcheck, the "Corizon Defendants," and the "Individual State Defendants." As set forth in more detail below, the Court shall ACCEPT IN PART, and REJECT IN PART, the magistrate judge's October 30, 2015 Report and Recommendation.

## BACKGROUND

Acting through counsel, Plaintiff Antonio Vinson, as Personal Representative of the Estate of Michael P. Vinson, filed this action on March 17, 2014, asserting claims against multiple defendants. Plaintiff's original Complaint asserted claims against more than twenty named Defendants and twelve unidentified "John and Jane Doe" Defendants.

In a Report and Recommendation issued by the magistrate judge on March 10, 2015, he recommended various rulings on motions to dismiss that had been filed by: 1) the Michigan

1

Department of Corrections and twelve of its employees[1]; and 2) Defendant Paratchek.  In an Order issued on March 30, 2015 (Docket Entry No. 50), this Court accepted in part and rejected in part those recommendations.

The Court accepted the R&R's recommendation that it strike/deny Defendant Paratchek's motion without prejudice.  But the Court rejected the magistrate judge's recommendation that the Court *sua sponte* order Plaintiff to file an amended complaint with additional allegations as to Defendant Paratchek.  The Court advised that if Plaintiff desired to file an amended complaint, he was to file a motion seeking leave to do so.  (*Id*. at 9-10).

As to the MDOC Defendants' Motion to Dismiss, this Court accepted in part and rejected in part the R&R.  The claims that were dismissed were dismissed without prejudice.  (*See* R&R at 14).

Counsel for Plaintiff filed a motion seeking leave to file an amended complaint on April 14, 2015.  The magistrate judge granted Plaintiff leave to file Plaintiff's First Amended Complaint, although Defendants had opposed it on futility grounds.  The magistrate judge determined that Defendants' futility arguments would best be resolved in the context of new motions to dismiss.  Plaintiff's First Amended Complaint, which spans eighty-seven pages, was filed on June 15, 2015.  (Docket Entry No. 63).

Thereafter, Defendants Paratchek, the "Corizon Defendants"[2], and the Individual State

---

[1]The Court shall refer to these Defendants (Hamblin, Faling, Royer-Thompson, Speer, Hense, Wellman, Edwards, Hinsley, Murphy, Hunter, Campbell, and Kinder) as the "Individual State Defendants."

[2]The "Corizon Defendants" consist of Corizon Health, Inc., Richard Miles, M.D., Karen Rhodes, D.O., Eddie Jenkins, M.D., Bhamini Sudhir, M.D., Aryan Taymour, PA., Dawn

Defendants each filed a motion seeking to dismiss Plaintiff's First Amended Complaint. (Docket Entry Nos. 65, 66, and 69).

On October 30, 2015, the magistrate judge issued a fifty-two page Amended Report and Recommendation ("the R&R") addressing the Motions to Dismiss filed by Defendants Paratchek, the Corizon Defendants, and the MDOC Defendants. (Docket Entry No. 86). In that R&R, the magistrate judge made the following recommendations:

> For the reasons set forth below, the undersigned RECOMMENDS that defendants' motions be DENIED in part and GRANTED in part. Plaintiff's intentional infliction of emotional distress claim (Count X) should be DISMISSED without prejudice as to all defendants. The undersigned also RECOMMENDS that plaintiff's official capacity claims against the MDOC defendants be DISMISSED. The undersigned also RECOMMENDS that all claims against defendant Sudhir be DISMISSED. In addition, plaintiff has agreed to dismiss the gross negligence claim against all Corizon employees and defendant Paratchek (Count IX). The undersigned RECOMMENDS that the motions to dismiss plaintiff's remaining claims (Counts I, II, III, IV, V, VI, VII, VIII, and IX) by the remaining defendants be DENIED.

(*Id*. at 3-4).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. The R&R expressly advised the parties that:

> Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

---

Lybarger, NP, and Adriane Neff, PA.

(R&R at 52).

The time for filing objections to the magistrate judge's October 30, 2015 R&R has expired and the docket reflects that Plaintiff has not filed any objections to it. Timely objections were, however, filed by Defendant Paratchek (Docket Entry No. 87), the Corizon Defendants (Docket Entry No. 88), and the Individual State Defendants (Docket Entry No. 89). Plaintiff did not respond to any of the objections filed by Defendants.

## ANALYSIS

In their objections, Defendants raise the same or similar objections to the R&R, which are addressed below.

First, Defendants Paratchek and the Individual State Defendants all object to the magistrate judge's determination that Plaintiff's First Amended Complaint has sufficiently alleged conspiracy claims against them. They fault the magistrate judge's analysis in several respects. Having reviewed Plaintiff's First Amended Complaint, the R&R's extensive discussion of these challenges, and the objections to the R&R, the Court agrees that Plaintiff has sufficiently alleged the conspiracy claims that are recommended to proceed in this action. Defendants' various challenges will be more appropriately addressed at the summary judgment stage of this litigation.

Second, Defendants Paratchek and the Individual State Defendants all object to the magistrate judge's recommendation that the Court dismiss Plaintiff's claim for intentional infliction of emotional distress (Count X) without prejudice, rather than with prejudice. They ask that the Court dismiss Count X with prejudice. Plaintiff has not filed any response to those objections.

In the R&R, the magistrate judge concluded that Count X is "legally insufficient" and recommended that it be dismissed. (R&R at 51). The body of the R&R discussing this Count does not explain why this count should be dismissed without prejudice under the circumstances presented here, but that is what the magistrate judge ultimately recommended, as to all Defendants. (*Id*.).

"The grant of a 12(b)(6) motion is an adjudication on the merits, unless the district court specifies the dismissal is without prejudice." *Craighead v. E.F. Hutton & Co., Inc.,* 899 F.2d 485, 495 (6th Cir. 1990). The decision to dismiss with prejudice is a "choice that lies within the discretionary power of the district court." *Id.*

This action has been pending since March 17, 2014. Plaintiff already amended his complaint once, after the first round of motions to dismiss were filed and decided. In response to the second round of Motions to Dismiss, wherein Count X was expressly challenged as legally insufficient, Plaintiff did not seek leave to file an amended complaint in order to assert additional allegations as to Count X. The Court agrees with Defendants that, under the circumstances presented here, the dismissal of Count X should be with prejudice. The Court therefore rejects that portion of the R&R that recommends that Count X be dismissed without prejudice.

Third, the Corizon Defendants and the Individual State Defendants object to the magistrate judge's recommendations as to Plaintiff's deliberate indifference claims. Having reviewed Plaintiff's First Amended Complaint, the R&R's discussion of these challenges, and the objections to the R&R, the Court agrees that Plaintiff has sufficiently alleged the deliberate indifference claims that are recommended to proceed in this action. Defendants' various challenges will be more appropriately addressed at the summary judgment stage of this litigation.

Fourth, the Corizon Defendants object to the magistrate judge's recommendation that the Court deny their Motion to Dismiss as to Count VIII, Plaintiff's claim for *Monell* liability. Having reviewed Plaintiff's First Amended Complaint, the R&R's rather extensive analysis as to this issue (*see* R&R at 30-39), and the objections to the R&R, the Court agrees that Count VIII should not be dismissed as to Corizon at this time.

Fifth, the Individual State Defendants object to the magistrate judge's recommendation that the Court deny their Motion to Dismiss as to Count IX, Plaintiff's "State Law Claim for Gross Negligence." In light of the limited cases addressing this situation, and the Sixth Circuit's observation that a showing of gross negligence for purposes of state-law immunity is "materially similar" to a showing of deliberate indifference under the Eighth Amendment (*see Quigley v. Thai*, 707 F.3d 675, 685-86 (6th Cir. 2013), this Court agrees with the magistrate judge that Count IX should not be dismissed as to the Individual State Defendants at this time.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby **ACCEPTS IN PART**, and **REJECTS IN PART**, the magistrate judge's October 30, 2015 R&R. The Court **REJECTS** the R&R to the extent that the Court rejects that portion of the R&R that recommends that Count X be dismissed without prejudice. The Court **ACCEPTS** the R&R in all other respects.

As such, the Court **ORDERS** that Defendants' Motions to Dismiss (Docket Entry Nos. 65, 66 & 69) are **GRANTED IN PART and DENIED IN PART**. The motions are **GRANTED** to the extent that the Court **ORDERS** that: 1) Plaintiff's intentional infliction of emotional distress claim (Count X) is dismissed with prejudice as to all Defendants; 2) Plaintiff's official capacity claims against the Individual State Defendants are dismissed; 3) all claims asserted

against Defendant Sudhir are dismissed; and 4) Plaintiff's gross negligence claim (Count IX) is dismissed as to all Corizon Defendants and Defendant Paratchek. The Motions are **DENIED** in all other respects.

    **IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: January 21, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2016, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager