UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vinson,

    Plaintiff,

v.                                          Case No. 14-11130

Michigan Department of Corrections,         Sean F. Cox
*et al.*,                                   United States District Court Judge

    Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND ORDERING PLAINTIFF TO PAY TRAVEL COSTS OF DEFENSE COUNSEL

Acting through counsel, Antonio Vinson, as Personal Representative of the Estate of Michael P. Vinson, filed this action asserting claims against multiple defendants.

The matter was assigned to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings. (Docket Entry No. 92).

Plaintiff recently filed a discovery motion that sought, among other things, to compel certain depositions. After the motion was filed, Counsel for the Corizon Defendants agreed to make Defendant Karen Rhodes available for deposition in Tennessee. Thereafter, on February 28, 2017, Plaintiff's Counsel noticed Karen Rhodes's deposition to be taken in Nashville, Tennessee on March 22, 2017. (*See* Docket Entry No. 146-1).

During the course of ruling on the discovery disputes, Defense Counsel made an oral motion before the magistrate judge to be reimbursed for the cost of counsel's non-refundable flight to Tennessee, after Plaintiff's Counsel unilaterally cancelled the deposition of Rhodes just

1

two days before it was scheduled to begin, and without providing Defense Counsel with any reason for doing so. (Docket Entry No. 146-3).

In a bench order issued on March 27, 2017, Magistrate Judge Davis ruled, in pertinent part, that "Plaintiff is HEREBY ORDERED to pay defense counsel's travel costs (airfare only) for the unilaterally cancelled deposition of Karen Rhodes. To that end, defendant Corizon is ordered to submit a bill of costs to the court with supporting documentation by March 30, 2017. Plaintiff must submit any objection to the validity of the claimed costs by April 6, 2017." (3/27/17 Bench Order).

Defendant Corizon filed the requested Bill of Costs on March 30, 2017. (Docket Entry No. 146). In it, counsel advised that, due to accommodations by the airline, Defense Counsel only had to pay $352.40 as his out-of-pocket expense for the cancelled airline ticket. (*Id.*).

Plaintiff did not file any objection to the Bill of Costs within the time period provided for doing so. Thus, Plaintiff has waived any objection to the validity of the claimed costs of the cancelled airline ticket.

On April 10, 2017, however, Plaintiff filed an Objection to the magistrate judge's March 27, 2017 order. (Docket Entry No. 148). Plaintiff objects to only the portion of the order concerning the reimbursement of the airline ticket. Plaintiff does not dispute that Plaintiff's Counsel cancelled the out-of-state deposition, *that had been noticed by Plaintiff's Counsel* on February 28, 2017, and did so just two days before the scheduled deposition. Rather, Plaintiff objects to the order on the ground that Plaintiff's Counsel's conduct "was not a violation of any of the acts enumerated under Rule 37." In sum, Plaintiff's Counsel believes that the magistrate judge lacked the authority to issue the order in question.

2

Plaintiff's Counsel is mistaken. As succinctly stated in *Wise v. Williams*, 2013 WL 1309070 (M.D. Tenn. 2013):

> Federal Rule of Civil Procedure 30(g) states that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition; or (2) serve a subpoena on a nonparty deponent, who consequently did not attend." Under this rule, "[t]he decision of whether to impose discovery sanctions ... is within the discretion of the Court." *Keats v. United States*, 121 F.R.D. 53, 53-54 (E.D. Mich. 1988) (citing *Miller Transamercian Press, Inc*., 709 F.2d 524, 532 (9th Cir. 1983). A party can constructively fail to attend a deposition by providing late notice of a cancellation. *See Spalding & Evenflo Cos., Inc. v. Graco Metal Prods., Inc.,* 1992 WL 109092, at * 4 (N.D. Ohio Feb. 14, 1992) (ordering the defendant and noticing party to pay costs incurred by the plaintiff, when the defendant cancelled a deposition in another city after the plaintiff's attorney had already traveled there).

*Wise, supra*, at * 2.

Here, the magistrate judge acted within her authority and discretion in ordering Plaintiff to reimburse Counsel for Corizon the out-of-pocket expense of the airline ticket he purchased to attend the deposition. Plaintiff constructively failed to attend the deposition by unilaterally cancelling that out-of-state deposition that Plaintiff had noticed, just two days before it was to take place, and after Defense Counsel had purchased an airline ticket to attend it.

Plaintiff's Objections are **OVERRULED.** Plaintiff is **HEREBY ORDERED** to pay defense counsel's travel costs in the amount of **$352.40**, for the unilaterally cancelled deposition of Karen Rhodes, **within fourteen (14) days of this order.**

**IT IS SO ORDERED**.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: April 21, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vinson,

    Plaintiff,

v.                                              Case No. 14-11130

Michigan Department of Corrections,     Sean F. Cox
*et al.*,                                     United States District Court Judge

    Defendants.
_____/

## PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2017, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager