UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vinson,

    Plaintiffs,

v.                                                                      Case No. 14-11130

Michigan Department of
Corrections, et al.,                        Sean F. Cox
                                                       United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER OVERRULING OBJECTION
## AND AFFIRMING 12/1/17 ORDER (Doc. # 209)

This matter is before the Court on Defendants' objection to Magistrate Judge Stephanie Dawkins Davis' Order granting Plaintiff's Motion for Leave to disclose a vocational expert after discovery closed (Doc. # 209). For the reasons below, the Court shall overrule the objection and affirm the Magistrate Judge's Order because it is not clearly erroneous or contrary to law. After finding that Plaintiff did not show good cause to modify the discovery schedule, Magistrate Judge Davis properly considered whether belated disclosure of the expert was nevertheless harmless under Rule 37(c)(1).

### BACKGROUND

In August 2017, amidst the lengthy and contentious discovery in this case, Plaintiff Antonio Vinson moved for leave to file expert reports after the already-extended deadline (Doc. # 180). He sought to belatedly submit the report of his damages expert and sought leave to name a vocational expert who would submit a report on Plaintiff's decedent's earnings potential had he lived. Defendants opposed Plaintiff's requests (Doc. # 182).

1

Following a hearing, Magistrate Judge Davis granted Plaintiff's motion (Doc. # 209). In her Order, she concluded that although Plaintiff had not shown good cause to modify the discovery schedule under Rule 16(b)(4), exclusion of the vocational expert was unwarranted because Plaintiff's failure to identify the witness was harmless under Rule 37(c)(1). Thus, she provided the parties with new deadlines relating to Dr. Evans' report and to Plaintiff's naming of a vocational expert. She also granted in part and denied in part Defendants' related Motion to Strike, specifying that Plaintiff would bear the full expense of his selected vocational expert's deposition and the costs in supplementing the summary judgment motion, if necessary.

Defendants have timely filed an objection to the Magistrate Judge's Order, solely arguing that the absence of good cause was dispositive and the Order erroneously permitted Plaintiff to name and use a vocational expert (Doc. # 214). The Court will only modify or set aside the Magistrate Judge's Order if the factual findings are clearly erroneous or if the legal conclusions are contrary to law. *See United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001).

## ANALYSIS

This issue involves the intersection of two federal rules of civil procedure: 16(b)(4) and 37(c)(1). The former provides that a discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The latter states that if a party fails to identify a witness as required, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In her Order, Magistrate Judge Davis treated Plaintiff's request to belatedly name a vocational expert as one to modify the scheduling order. Having done so, she found that Plaintiff

2

was not diligent in naming an expert and therefore had not shown good cause for his failure to do so. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").

According to Defendants, this is where the inquiry ends; Plaintiff's failure to show good cause prevents him from using his untimely vocational expert. But this is not so. Magistrate Judge Davis correctly noted that Rule 37(c)(1) permits a party to use an undisclosed witness if the failure to disclose "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This is true even if that party fails to show good cause to modify the case schedule. *See, e.g.*, *O'Bear v. Southeastern Freight Lines, Inc.*, 2017 WL 3974987 at * 1 (W.D. La. 2017) ("Where a party fails to provide expert disclosures within the established deadlines, he is barred from using that evidence unless he can show that the non-disclosure was substantially justified or harmless."); *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 18 (W.D.N.Y. 2016) (holding that the plaintiffs' failed to show good cause and that their failure to identify an expert witness was substantially justified or harmless); *Schardine v. Estate of Fleming*, 2014 WL 2918420 (D. Mont. 2014) (stating that because good cause was not established, the determinative issue was "whether allowing the late disclosure of [the witness was] 'harmless' within the meaning of Rule 37(c)(1)."). Defendants cite no authority for their claim that the Magistrate Judge erred by applying a harmlessness analysis (nor do they object to the substance of that analysis). Thus, the Court concludes that Magistrate Judge Davis' Order was not contrary to law, as it properly applied the relevant rules of procedure. *See Hennigan v. Gen. Elec. Co.*, 2014 WL 4411675 (E.D. Mich. 2014).

## CONCLUSION

For the reasons above, the Court OVERRULES Defendants' objection and AFFIRMS the Magistrate Judge's December 1, 2017 Order.

IT IS SO ORDERED.

                                                             s/Sean F. Cox
                                                           Sean F. Cox
                                                           United States District Judge

Dated: March 14, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2018, by electronic and/or ordinary mail.

                               s/Jennifer McCoy
                               Case Manager