UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO VINSON, | Case No. 14-11130 |
| Plaintiff, | Sean F. Cox |
| v. | United States District Judge |
| MICHIGAN DEPARTMENT OF CORRECTIONS, STATE OF MICHIGAN, *et al.* | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER REGARDING DEFENDANT'S EMERGENCY MOTION TO STRIKE EXPERT REPORT OF NATHANIEL R. EVANS, II, M.D. AND PRECLUDE PLAINTIFF FROM OFFERING OR ELICITING TESTIMONY FROM DR. EVANS AND ANY OTHER EXPERT (DKT. 216)**

I.  Procedural History and Background

Defendants, Taymour, Corizon Corporation, Rhodes, Lybarger, Jenkins and Miles (collectively referred to hereafter as "the Corizon defendants) filed this motion to strike the report of plaintiff's expert, Dr. Evans and to bar plaintiff from offering any expert testimony. In a previous motion, defendants sought the same relief. (Dkt. 182). In its December 1, 2017 Order, the Court denied defendant's request to preclude plaintiff from eliciting testimony from Dr. Evans and an as yet to be determined (at that time) vocational expert. (Dkt. 209). The Court did however, strike Dr. Evans' report because of its inclusion of legal conclusions, and ordered that plaintiff cover defendants' costs relating to the deposition of plaintiff's

1

vocational expert as well as the costs of any supplemental briefing of the defendants' motion for summary judgment necessitated by information obtained through expert discovery. The Court also established the following deadlines for the parties to complete discovery relating to the Court's allowance of plaintiff's experts:

- Dr. Evans' Amended Report by December 8, 2017;

- Deposition of Dr. Evans by January 8, 2018;

- Naming of Plaintiff's Vocational Expert by December 8, 2017;
- Report of Plaintiff's Vocational Expert by December 22, 2017;

- Disclosure and Report Defendant's Vocational Expert by January 22, 2018;

- Deposition Plaintiff's Vocational Expert by January 22, 2018;

- Deposition of Defendant's Vocational Expert by February 6, 2018;

- Defendant's supplementation of summary judgment motion (if necessary) by February 20, 2018;

- Plaintiff's supplemental response (if necessary) by March 6, 2018; and

- Defendant's supplemental reply by March 13, 2018.

According to defendants, plaintiff failed to satisfy two of the first four deadlines either procedurally or substantively. Specifically, though plaintiff

timely submitted an amended report for Dr. Evans on December, 8, 2017, defendants claim that the report remains deficient in that it contains legal conclusions, which was the basis for the Court striking the first report. (Dkt. 209 at p. 11, Pg ID 4277). Additionally, plaintiff still did not include the list of cases in which Dr. Evans has testified in the last four years as required under Fed. R. Civ. Pro. 26(a)(2)(v). Defendants also aver that while plaintiff timely named Ron Smolarski as his vocational expert, he completely missed the Court's deadline for the filing of his report. In support, defendants point out that the U.S. Postal Service stamp shows that the document was not processed until December 29, 2017 – the day after defendants filed the instant motion. In addition, plaintiff did not include with Mr. Smolarski's report other disclosures required under Rule 26(a)(2), namely his qualifications as an expert, list of cases in which he has testified in the last four years and statement of compensation to be paid. Defendants argue that plaintiff's additional delays are not substantially justified or harmless, and under Rule 37(c)(1), the appropriate sanction is exclusion of plaintiff's expert reports and testimony.

For his part, plaintiff claims that he timely served defendants with both Dr. Evans' and Mr. Smolarski's reports. He also argues that there is no legal basis to challenge Dr. Evans' report – indicating that it was revised to eliminate improper

legal terms. (Dkt. 217 at p. 3, Pg ID 4554).[1] Plaintiff offers no explanation as to why both reports omit certain information otherwise required under Rule 26(a)(2)(B)(i)-(vi), namely a list of cases in which the expert(s) testified as an expert in the past four years and compensation to be paid to the expert. Instead, plaintiff contends that he has "substantially complied" with the Rule and defendants have suffered no prejudice as a result of the omissions. (Dkt. 217 at pp. 8-9, Pg ID 4559-4560). During oral argument, plaintiff averred that he had served defendants with some, though not all, of the missing expert disclosures a day or so before the hearing. Plaintiff contends that, on balance, the factors to be considered under *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) point to a finding of harmlessness. Therefore, he urges the Court to deny defendants' motion.

II. Analysis

    A. Legal Standards

As discussed in the Court's prior order addressing the issue, the penalty(ies) for a party's failure to make expert disclosures under Rule 26(a)(2) are those delineated in Rule 37(c)(1), which provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

---

[1] Plaintiff's response stating the "Expert Report of Dr. Evans remains unchanged without the exception of attempting to eliminate legal terms" (emphasis supplied) appears to contain a clerical error in using the term "without" instead of "with."

4

> evidence on a motion, at a hearing, or at a trial, unless the
> failure was substantially justified or is harmless. In
> addition to or instead of this sanction, the court, on
> motion and after giving an opportunity to be heard: (A)
> may order payment of the reasonable expenses, including
> attorney's fees, caused by the failure; (B) may inform the
> jury of the party's failure; and (C) may impose other
> appropriate sanctions, including any of the orders listed
> in Rule 37(b)(2)(A)(i)-(vi).

Whether a party's omission is substantially justified or harmless depends on a number of factors. For instance, it has been held that an inadvertent omission or an honest mistake by the disclosing party combined with sufficient knowledge on the part of the other party, suggests that the omission be deemed substantially justified or harmless. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 783 (6th Cir. 2003) (citing *Vaughn v. City of Lebanon*, 18 Fed. Appx. 252, 264 (6th Cir. 2001)). More recently, the Sixth Circuit articulated a five-factor test for weighing harmlessness in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). *Howe* directs the court to consider the following: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. In considering these factors in relation to defendants' earlier motion, the undersigned concluded that the balance of considerations supported a finding of harmlessness. In considering plaintiff's

5

continued failure to fully heed the Court's deadlines relating to expert disclosures, a different conclusion is warranted.

B. <u>Vocational Expert</u>

First, as to plaintiff's vocational expert, the Court ordered that plaintiff identify the expert by December 8, 2017 and provide his report to defendants by December 22, 2017. Plaintiff timely named Mr. Smolarski as his vocational expert, but the Court finds plaintiff's claim that he served the report by the deadline to be unpersuasive. The U.S. Postal Service postmark on the mailing is dated December 29, 2017. (Dkt. 219-1 at p. 23, Pg ID 4616). During the hearing, plaintiff pointed to what appears to be the postage meter stamp on the envelope, which is dated December 22, 2017. However, he was unable to verify that the stamp was generated by the post office as opposed to the meter that produced the stamp. Plaintiff's reliance on the date generated by the postage meter at the time that the postage was applied to the envelope seems misplaced as it does not purport to signify mailing, but rather the issuance date of the postage itself. Moreover, though plaintiff's counsel strenuously argued that the report was mailed on December 22, 2017 and indicated that he would file a proof of service verifying the same (Dkt. 217 at p. 3, Pg ID 4554, n. 1), he has failed to come forward with evidence by way of affidavit, proof of service, or other sworn statement to verify his claim. Standing against the USPS postmark (Dkt. 219-1 at

p. 23, Pg ID 4616), his claim simply does not hold up.

Accepting that Mr. Smolarski's report was served approximately one week late, the initial inquiry is whether the late filing caused surprise to the defendants. Defendants knew that plaintiff would be filing Mr. Smolarski's report, as it was the subject of the Court's December 1, 2017 order and plaintiff had timely named Smolarski on December 8, 2017. However, the content of his report was unknown to the defendants, and in view of the tight deadlines the Court established to allow for supplementation of the summary judgment briefing, each passing day whittled away defendants' time to determine whether the naming of this expert necessitated the retention of a defense expert on the subject and the preparation of any expert so retained. Further, defendants' ability to cure was imperfect – they could demand the report, and if necessary request that the deposition date be pushed back. But, further delay frustrates the purpose of the court's deadlines to begin with. This point bleeds into the next consideration: the extent to which allowing the evidence would disrupt trial, or in this case, the summary judgment hearing. The schedule issued by the Court contemplated expert depositions and supplemental briefing relating to the pending summary judgment motion to be completed by March 13, 2018. As it stands, additional briefing to address plaintiff's noncompliance with this Court's order has created further delay in hearing defendant's summary judgment motion that has been pending since Fall

2017.  Moreover, the importance of testimony from a vocational expert in this matter has never been definitively established.  The undersigned previously allowed that testimony from such an expert might be relevant to the issue of damages.  (Dkt. 209 at p. 16, Pg ID 4282).  However, plaintiff has not made the case that such testimony is crucial or even important to plaintiff's case.  And, the Court declines to fashion an argument on plaintiff's behalf.  *McPherson v. Kelsey*, 125 F.3d 989, 995-6 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Finally, defendant once again offers no explanation for the late report. Indeed, he denies any tardiness at all.  The denial strips the neutrality that this court previously found under *Redmond v. United States*, 194 F.Supp. 3d 606, 614 (E.D. Mich. 2016).  The Court has previously rejected defendants' cries of gamesmanship against plaintiff.  However, plaintiff's unsubstantiated claim that he timely served defendants with Mr. Smlolarski's report, when the objective evidence plainly indicates otherwise, leads the Court question plaintiff's motives here.  The Court's prior decision allowing for the naming of a vocational expert four months beyond the scheduling order deadline was a close one, which in the end tilted to harmlessness.  However, plaintiff's continued failure to heed the

8

Court's deadlines and to timely provide information to defendants to advance this matter has proven not to be substantially justified or harmless. Consequently, the undersigned finds that under Rule 37(c)(1) exclusion of plaintiff's expert, Mr. Smolarski is the appropriate sanction at this juncture.

C. Medical Expert

Plaintiff timely filed an amended report for his medical expert, Dr. Nathan Evans, but he failed to cure the omissions that have plagued the report from the beginning. Namely, he has not provided defendants with a list of cases in which Dr. Evans has testified in the past four years or provided any information concerning his compensation in this matter. Plaintiff revised the report to remove legal conclusions, but defendants contend that this effort was unsuccessful. Defendants also question the authenticity of the revised report in view of a misspelling of Dr. Evans' first name on the signature line.[2] (Dkt. 216-1 at p. 13, Pg ID 4551).

Plaintiff's continued failure to adhere to the Court's orders regarding expert disclosures for Dr. Evans is also not harmless. Regarding surprise, the defendants have been in possession of his report since August of 2017, and although the Court struck the initial report and ordered that plaintiff submit a revised one excluding legal conclusions (Dkt. 209 at p. 11, Pg ID 4277), the substance of Dr. Evans'

---

[2] This observation strikes the undersigned as unduly speculative and reflective of the acrimony that has developed between counsel. It will not be considered further.

9

opinions remains the same. Nevertheless, defendants remain in the dark concerning Dr. Evans' testifying history and compensation. Plaintiff's counsel indicated that he had produced a portion of this information by the time of the hearing, but he adduced no evidence (*e.g.* proof of service) to verify the same. Defendants have rightly argued that they are entitled to this information in order to explore, amongst other things, any potential bias. The fact that they were required to bring another motion to obtain this information has caused additional delay, frustrating the Court's most recent scheduling order – including supplemental briefing relating to the pending summary judgment motion. Plaintiff has sufficiently established that Dr. Evans' testimony is important to plaintiff's case, inasmuch as he claims to challenge both the adequacy and absence of care provided to plaintiff's decedent leading up to his death. (*See e.g.*, Dkt. 63, ¶¶ 170-177). And, Dr. Evans opines, in part, about deficiencies he detected in the treatment provided. (*See e.g.*, Dkt. 216-1 at pp. 11-12, Pg ID 4549-4560). Thus, defendant's argument that plaintiff has only alleged an absence of care is not well-taken. Finally, plaintiff's explanation for the late disclosures is sorely lacking. The Court made clear in its previous order that it was opening "a brief window for expert discovery." (Dkt. 209 at p. 16, Pg ID 4282). The deadlines were established to minimize delay in addressing summary judgment – and ultimately trial. Thus, plaintiff's response that he has "substantially complied" does not

inure to his benefit.

Balancing the factors discussed above, plaintiff's nondisclosure is not harmless. Thus, sanctions are appropriate under Rule 37. However, the Court is not restricted to entirely excluding the expert report and expert testimony. Rather, as noted earlier, the Rule allows the Court to consider a number of sanctions falling short of outright exclusion. In view of the importance of a medical expert's testimony to plaintiff's case, the undersigned finds that a lesser sanction is appropriate. As sanction for plaintiff's continued failure to fully disclose all components of his expert disclosures concerning Dr. Evans, **all evidence offered from Dr. Evans is excluded from the Court's consideration of defendant's motions for summary judgment**. (Dkt. 198). Defendants should not be further delayed in consideration of their motion, nor should they be subjected to the tactical disadvantage which has arisen from the out of sequence disclosures that have resulted in this matter. Though the Court has acknowledged the importance of a medical expert's opinion for plaintiff's case, it cannot be assumed that plaintiff is unable to overcome a motion for summary judgment. Therefore, should defendants' motion fail, plaintiff will be permitted to use Dr. Evans' testimony at trial as long as <u>all</u> of the **Rule 26 expert disclosures have been made within seven days of entry of this Order. Plaintiff is cautioned that a failure to strictly adhere to this Court's Order may result in further sanctions,**

**including the exclusion of Dr. Evans' testimony at trial.**

Defendants also challenge plaintiff's compliance with the Court's requirement that the newly-disclosed report of Dr. Evans excludes legal conclusions. Plaintiff removed references which previously stated that the defendants were deliberately indifferent to Antonio Vinson's serious medical needs, but continues to use language suggesting that defendants showed "willful ignorance" to "obvious" and "objective" signs of "severe medical illness." (Dkt. 216-1 at p. 11, Pg ID 4549). As the Court previously observed, opinion evidence using legal terminology and/or limiting itself to legal conclusions is not permitted. *See Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) (testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excludable" under Rule 702). "[T]he expert's opinion must stop short of embracing the 'legal terminology' which frames the ultimate legal conclusion which the jury must reach in the case." *Alvarado v. Oakland Cty.*, 809 F.Supp.2d 680, 688 (E.D. Mich. 2011) (quoting *Torres v. County of Oakland, et. al.*, 758 F.2d 147, 151 (6th Cir. 1985)). To prove a violation of Mr. Vinson's Eighth Amendment rights, plaintiff will be required to show that the defendants were "deliberately indifferent to serious medical needs." *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). Dr. Evans' revised report stops short in most

respects of using legal terminology.  However, the term **"willful" in particular has a definite meaning in the law and in the context of this lawsuit, such that its use should be removed from the report, within seven days of entry of this Order.**

A closer call is whether the report provides little more than legal conclusions.  Undoubtedly, the report characterizes the severity of Mr. Vinson's medical condition as well as Dr. Evans' opinion concerning the deficiency of care.  However, notwithstanding the strong language, the Court finds that the language generally does not exceed the permissible scope of expert opinion.  For instance, unlike the expert whose testimony was excluded for its legal conclusions in *Caudill Seed & Warehouse Co. Inc. v. Jarrow Formulas, Inc.*, 2017 WL 4364204 (W.D. Ky., September 29, 2017), there is no evidence that Dr. Evans expressly relied on a statement from plaintiff's counsel for the applicable legal standard to come to a legal conclusion using the precise terminology the jurors will have to apply.  Indeed, Dr. Evans' report indicates that his opinions are based on his review of the medical records only – and as observed, with the exceptions stated above, no longer utilizes legal terminology.

Defendants' remaining challenges to plaintiff's use of Dr. Evans strike the undersigned as more appropriately addressed in the context of a motion, not brought, under *Daubert v. Merrell Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579

(1993). Moreover, such a challenge seems premature since defendants have yet to depose or otherwise develop the record concerning Dr. Evans' opinions and testimony. Therefore, the undersigned takes no further action in that regard. Inasmuch as no further supplemental briefing will be necessary, the Court will schedule a hearing on the pending motion for summary judgment in due course.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 20, 2018              s/Stephanie Dawkins Davis
                                  Stephanie Dawkins Davis
                                  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on April 20, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
