UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vinson,

      Plaintiff,

v.                             Case No. 14-11130

Michigan Department of Corrections,     Sean F. Cox
*et al.*,                          United States District Court Judge

      Defendants.
_____/

## ORDER
## ADOPTING 8/30/18 REPORT AND RECOMMENDATION

      Acting through counsel, on March 17, 2014, Antonio Vinson, as Personal Representative

of the Estate of Michael P. Vinson, filed this action asserting claims against multiple defendants.

Plaintiff's First Amended Complaint (D.E. No. 63), filed on June 15, 2015, is the operative

complaint.

      This Court initially referred the matter to Magistrate Judge Michael Hluchaniuk for all

pretrial proceedings.  Following his retirement, the matter was referred to Magistrate Judge

Stephanie Dawkins Davis for all remaining pretrial proceedings.

      On April 20, 2018, the magistrate judge ordered, as a discovery sanction for failing to

make required disclosures, that any evidence offered from Plaintiff's medical expert witness

would be excluded from the Court's consideration of Defendants' motions for summary

judgment.  (D.E. No. 226).  Notably, Plaintiff did not object to that order.

      At this juncture, the only remaining claims in this action are: 1) Count I, alleging a §

1983 deliberate indifference to a serious medical need claim, asserted against Defendants Miles,

1

Jenkins, and Rhodes; 2) Count V, alleging a § 1983 civil conspiracy claim against Defendants

Miles, Jenkins, and Rhodes; 3) Count VI, alleging a § 1983 civil conspiracy claim against

Defendants Taymour and Lybarger; and 4) Count VIII, alleging a § 1983 claim against

Defendant Corizon.

On August 30, 2018, the magistrate judge issued a 55-page Report and Recommendation

("R&R") that addressed a Motion for Summary Judgment filed by the remaining Defendants.

(D.E. No. 236).

The magistrate noted that, during the course of the briefing on the motion, Plaintiff

conceded that summary judgment is appropriate as to all claims against Defendants Aryan

Taymour, P.A. and Dawn Lybarger, N.P.  (*See*. D.E. No. 229 at Pg ID 4667).  As such, the R&R

recommends that all claims against those two Defendants be dismissed.  (R&R at 53).

The magistrate then engaged in a comprehensive analysis as to the claims against the

remaining Defendants.  And again, because of the discovery sanction, the magistrate judge did

not given any consideration to opinions offered by Plaintiff's medical expert witness that were

offered by Plaintiff in his response to the summary judgment motion.

In her R&R, the magistrate judge analyzed the deliberate indifference claims first.  As

noted at the beginning of her analysis, it is undisputed that Mr. Vinson died from a ruptured

abdominal aortic aneurysm ("AAA") on May 25, 2012, at 42 years of age, while in custody of

the MDOC.  (*See* D.E. No. 207-2 at PG ID 4024; D.E. No. 198-1 at 1-5).  The R&R explained

that where, as here, a "'prisoner has received some medical attention and the dispute is over the

adequacy of treatment, federal courts are generally reluctant to second guess medical judgments

and to constitutionalize claims that sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857,

860 n.5 (6th Cir. 1976)."  (R&R at 28).  The magistrate judge noted that a viable Eighth Amendment claim has two components, one objective and the other subjective.  (*Id*).  She concluded that "even viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact as to the subjective component of the deliberate indifference test and thus, summary judgment in defendants' favor is warranted."  (R&R at 32).

Having concluded that Defendants are entitled to summary judgment as to Plaintiff's deliberate indifference to serious medical need claims, the magistrate concluded Defendants were also entitled to summary judgment as to civil conspiracy counts.  (R&R at 52-53).  The R&R also concluded that Plaintiff's *Monell* count (Count VIII) fails.  (R&R at 44-52).

Accordingly, the R&R "RECOMMENDS that defendants' motion for summary judgment be GRANTED as to the defendants Miles, Jenkins, Rhodes, and Corizon" and also recommends that "defendants Taymour and Lyberger be DISMISSED pursuant to plaintiff's agreement as set forth in the response and joint statement."  (R&R at 53).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

Plaintiff filed timely objections to the R&R on September 13, 2018.  (D.E.  No. 237).  Plaintiff does not assert any objection to the recommendation that his claims against Defendants Taymour and Lyberger be dismissed, pursuant to Plaintiff's agreement.

But Plaintiff asserts several objections relating to the remaining claims addressed in the R&R –  including blanket objections, seeking to incorporate all arguments he previously made in his brief opposing the summary judgment motion and the exhibits he submitted.  (*See, e.g.*, at Pg

ID 4757 & 4758)(Plaintiff "incorporates by reference its Brief in Response to Defendants'
Motion for summary judgment and associated exhibits" and "Plaintiff incorporates by reference
its entire argument as set forth in its Response Brief to Defendants' motion for summary
judgment.").

Having reviewed and considered Plaintiff's various objections, the Court finds them
without merit and concurs with the magistrate judge's analysis and her conclusions.

For example, Plaintiff "objects to the court's factual adoption of Defendants'
characterization of the case was one of 'AAA.'" (Pl.'s Objs. at 2). The magistrate judge did not
"characterize this case as one of AAA." Rather, she correctly noted that it is undisputed that Mr.
Vinson died from a ruptured abdominal aortic aneurysm. In assessing the objective component
of the deliberate indifference inquiry, the magistrate judge did not confine the inquiry to the
AAA and also considered Mr. Vinson's "more generalized complaints of pain, nausea, and
vomiting" and concluded that Plaintiff could establish a serious medical need sufficient to satisfy
the objective component. (R&R at 30-32).

Plaintiff also faults the magistrate judge's discussion of the medical records and asserts
that there is no evidence that a "stool test" ordered by Dr. Miles on December 9, 2011, or
unspecified lab tabs, were ever reviewed by Dr. Miles. (Objs. at 3). The magistrate judge
addressed that issue in a footnote, explaining that Plaintiff's Counsel attempted to argue at the
hearing that "Dr. Miles failed to review certain test results" "but that is not borne out in the
record" and "those tests (including some blood tests and stool testing) do not appear to have any
connection to the reason that Mr. Vinson died." (R&R at 43 n.2).

This Court agrees that Plaintiff's argument goes nowhere, as Plaintiff does not direct the

Court to any evidence as to what the results of that stool or blood tests were, much less any evidence that those tests could have identified an abdominal aortic aneurysm.

Plaintiff also objects to the magistrate judge's alleged omission of facts from the medical record, in that she omitted that the emergency room discharge instructions stated to return to the emergency room for changing/worsening systems. (Objs at 4). The R&R, however, addressed that very issue, explaining:

> Plaintiff also makes much of defendants' failure to sent Mr. Vinson back to the emergency room after what he says was a "worsening" of his symptoms, contrary to the emergency room discharge instructions. Plaintiff points to the discharge instructions contained in the ER notes: "He is to return to DWH ER for changing/worsening symptoms." Yet, rather than a treatment plan for an identified medical issue, the referenced instructions appear to be standard discharge language. *Moreover, after his discharge from the emergency room, defendants continued to provide regular treatments and assessments, and attempted to alleviate and address Mr. Vinson's symptoms.*

(R&R at 40) (emphasis added).

In sum, the Court concurs with the magistrate judge's analysis, and her ultimate conclusion that the summary judgment motion filed by Defendants Miles, Jenkins, Rhodes, and Corizon should be granted.

Accordingly, the Court OVERRULES Plaintiff's Objections and ADOPTS the August 30, 2018 R&R. The Court ORDERS that all remaining claims against Defendants Miles, Jenkins, Rhodes, Corizon, Taymour, and Lyberger are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 24, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on

September 24, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager